# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CFMOTO POWERSPORTS, INC., | Civil No. 09-2202 (JRT/JJK) |
| Plaintiff, | |
| v. | **TEMPORARY ORDER PENDING RULING ON MOTIONS** |
| NNR GLOBAL LOGISTICS USA, INC., | |
| Defendant. | |

Boris Parker and Nicholas Wenner, **PARKER & WENNER,** 220 South Sixth Street, Suite 1700, Minneapolis, MN 55402, for plaintiff.

Dawn Van Tassel and Jason Lien, **MASLON, EDELMAN, BORMAN & BRAND, LLP,** 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, for defendant.

The above captioned matter came before the undersigned on the 26th day of August, 2009, pursuant to a telephone conference ordered by the Court regarding Plaintiff's motion for preliminary injunction and Defendant's motion to dismiss for improper venue.  Boris Parker, Esq., appeared on behalf of the Plaintiff.  Dawn C. VanTassel, Esq. and Jason Lien, Esq., appeared on behalf of the Defendant.

Based on the parties' stipulation submitted to the Court, the Court enters the following temporary Order pending its ruling on the parties' motions to be heard on September 17, 2009 at 2:30 PM, which will automatically terminate upon the Court's ruling on the parties' motions:

1.     NNR shall release certain designated vehicles listed on Exhibit A attached to the parties' stipulation to the possession of CFMOTO or its designated agents upon the satisfaction of all of the following conditions:

     a.     To effectuate the release of vehicles listed on Exhibit A, CFMOTO shall present to NNR a Pick List and/or Packing Slip, which will contain the Vehicle Identification Number, Model, and Warehouse Location;

     b.     After receipt of the Pick List and/or Packing Slip, NNR shall present to CFMOTO all charges that are due and owing for the designated vehicles. Such charges shall include any and all charges due to NNR for the vehicles, including any unpaid freight charges, warehouse and storage charges to date, and any pick and pull fees charged to locate and remove the vehicles;

     c.     CFMOTO shall then submit payment to NNR via cashiers check or wire transfer for the charges due (NNR may also later agree to accept payment from CFMOTO by alternative means at NNR's absolute discretion); and

     d.     Upon NNR's notification that it has received payment, CFMOTO shall arrange and pay for their own domestic transportation of the vehicles to their destination. CFMOTO must forward the domestic transportation Bill of Lading to NNR as soon as it becomes available. NNR requires the domestic Bill of Lading and must provide this to the relevant warehouses in order to have the vehicles pulled from the warehouses and prepared for shipment.

2.      Plaintiff may obtain the release of additional vehicles not set forth in Exhibit A pending the Court's ruling on the parties' motions by submitting additional VIN numbers and all other necessary identification information to counsel for Defendant.  Upon Defendant's receipt of this information, the parties agree to follow the same procedure set forth in paragraph 1 above to effect the payment for and release of said vehicles.

3.      Defendant shall continue to withhold Plaintiff's access to all other vehicles from Plaintiff's inventory not released pursuant to the procedure set forth in paragraph 1 above in order for those vehicles to serve as security for NNR's charges and fees owed by CFMOTO.

4.      Defendant shall not move or relocate, offer for sale, sell or otherwise dispose of any of Plaintiff's inventory being stored pending the Court's ruling on the parties' motions.

5.      This stipulated temporary Order shall remain in full force and effect until the Court issues its ruling on the parties' pending motions, at which time it will terminate automatically.


DATED: August 31, 2009
at Minneapolis, Minnesota                           _____ s/John R. Tunheim_____
                                                            JOHN R. TUNHEIM
                                                         United States District Judge